MURDOCK, Justice
(concurring in the result).
I concur in the result based on principles articulated in Dean v. Stockham Pipe & Fittings Co., 220 Ala. 25, 28, 123 So. 225, 227 (1929), including those articulated in the following queries posed in Dean:
“[D]id the fact and nature of the employment, not only furnish the opportunity, but suggest the opportunity? Did the employment mark the deceased as the special victim of the robbery? Was he murdered because he ivas Mr. Dean, or because he was a night watchman, an easy mark, because of the conditions of his employment? ”
(Emphasis added.)
Here, the fact and nature of N.J.J.’s employment may have “furnished the opportunity” for her attack; they did not “suggest the opportunity” in the causal sense contemplated by Dean. In other words, there was substantial evidence from which the trial court could conclude that it was not NJ.J.’s “employment [that] mark[ed her] as the special victim” of the attack, but that she was attacked because of reasons personal to her (in the words of Dean, “because [s]he was [N.J.J.]”), and not “because of the conditions of h[er] employment.”
As the Dean Court explained: “ ‘The rational mind must be able to trace the resultant injury to a proximate cause set in motion by the employment, and not by some other agency.’ ” 220 Ala. at 28, 123 So. at 227 (quoting Madden Case, 222 Mass. 487, 111 N.E. 379 (1916)). Here, the trial court, based on substantial evidence, traced N.JJ.’s injury not to “a proximate cause set in motion by her employment,” but to one set in motion by “some other agency,” i.e., the personal animus of N-J.J.’s attackers identified by the trial court.